**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID M WILLIAMS, | No. 11-35812 |
| Plaintiff, | D.C. No. 2:09-cv-00504-RAJ |
| and | |
| CHRIS HUTTON, An Individual; MARK HETTEL, An Individual; RON LOWERY, An Individual; SEAN BECKETTI, An Individual; ANDREW POHLMANN, An Individual; CHARLES JONES; CORY STEWART, An Individual; TIM EDGE, An Individual; ADAM KLEIVER, An Individual; GLEN SIMECEK, An Individual; RAJIV KAPOOR, An Individual; DAMIR KORO, An Individual; MARY HAIGHT, An Individual; SHERYL KIRCHMEIER, An Individual; LUCY HOFFA, An Individual; BILL THOMAS, An Individual; PAULA SKARTLAND, An Individual; TONY CORSELLO, An Individual; KARYN FURSTMAN; JONI WYCKOFF, An Individual; RADHA THOMPSON, An Individual; JASON HERRES, An Individual; JEFFREY MOSS, An Individual; SUSAN MORRIS, An Individual; KURT WISECUP, An | MEMORANDUM[*] |

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Individual; JOHN MURPHY; STEVE AUDINO, An Individual; PHILLIP WOODS, An Individual; MATTHEW GAVIN, An Individual; MICHAEL COCCHI, An Individual; JEREMY JENSEN, An Individual; PETER STRUCK, An Individual; MICHAEL STROHL, An Individual,

Plaintiffs - Appellants,

v.

FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for Washington Mutual Bank, and as in its corporate capacity,

Defendant - Appellee.

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted August 28, 2012
Seattle, Washington

Before: SCHROEDER and GOULD, Circuit Judges, and FRIEDMAN, Senior District Judge.[**]

---

[**] The Honorable Paul L. Friedman, Senior United States District Judge for the District of Columbia, sitting by designation.

The plaintiffs are a group of former employees of Washington Mutual ("WAMU"), a federal thrift institution that failed in 2008 and was seized by the Federal Deposit Insurance Corporation ("FDIC") pursuant to 12 U.S.C. § 1464(d)(2)(A). The plaintiffs seek to recover from the FDIC payments allegedly due them under a provision of their employment contracts and triggered by a change of ownership of the company. The controlling federal regulation, however, is 12 C.F.R. § 563.39(b)(4). Under that regulation, when the FDIC takes over as receiver "all obligations under the [employment] contract shall terminate as of the date of default" except for any "vested rights of the contracting parties[.]" 12 C.F.R. § 563.39(b)(4). For a right to vest, the employee must have had an enforceable right to a claim of immediate payment before the Office of Thrift Supervision ("OTS") appointed the FDIC as receiver. *Modzelewski v. RTC*, 14 F.3d 1374, 1378–79 (9th Cir. 1994).

WAMU failed on September 25, 2008 when the OTS declared that WAMU was in an "unsafe and unsound condition" and appointed the FDIC as receiver. The plaintiffs' contractual rights terminated by operation of law on that date. Their rights to compensation under the employment contracts would only be enforceable if they had vested prior to failure, which required an actual sale of WAMU's assets

3

prior to the FDIC becoming receiver. Transfer of WAMU's assets did not occur until after the FDIC became receiver.

Plaintiffs argue that the FDIC should not be able to rely on 12 C.F.R. § 563.39(b) because it did not raise the regulation as a defense in the FDIC's administrative claims process. After the FDIC denied their claims, the plaintiffs filed this action in the district court pursuant to 12 U.S.C. § 1821(d)(6)(A). These proceedings at the district court are de novo. *See* 12 U.S.C. § 1821(d)(5)(E), (6), (7). The district court proceeding is independent of the administrative claims process. It is irrelevant that the FDIC failed to raise 12 C.F.R. § 563.39(b) as a defense until the district court proceeding.

**AFFIRMED**.